United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-61172
Summary Calendar

MARCO HERRERA,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 775 529
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Marco Herrera petitions for review of the decision of the

Board of Immigration Appeals (BIA) affirming the decision of the

immigration judge (IJ) that Herrera did not qualify for

cancellation of removal under 8 U.S.C. § 1229b(b)(1).  Herrera

does not repeat assertions made at the administrative level that

he was entitled to relief under the Child Status Protection Act.

Any such argument is abandoned.  See Calderon-Ontiveros v. INS,

809 F.2d 1050, 1052 (5th Cir. 1986).  Although Herrera contends

that the IJ and the BIA did not fully and fairly consider

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence, he does not identify any evidence that was ignored. Herrera is not entitled to relief on this ground.

Herrera asserts that the attorney representing him before the BIA rendered ineffective assistance by failing to file a brief on his behalf. He did not raise this claim before the BIA through a motion to reopen. See Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004); Goonsuwan v. Ashcroft, 252 F.3d 383, 389-91 (5th Cir. 2001). Because Herrera did not exhaust his administrative remedies with respect to this claim, this court lacks jurisdiction to consider it. See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

Herrera contends that he was entitled to cancellation of removal because he established that both his mother and his grandmother would suffer "exceptional and extremely unusual hardship" if he were removed. 8 U.S.C. § 1229b(b)(1)(D). Herrera never argued that his grandmother was a qualifying individual under the statute, and he has thus failed to exhaust administrative remedies. See Wang, 260 F.3d at 452-53. Regardless, the claim is unavailing. See INS v. Hector, 479 U.S. 85, 88-90 (1986)(per curiam)(the BIA need not consider hardships to individuals not defined in 8 U.S.C. § 1229b(b)(1)(D)). Likewise, Herrera did not raise an argument about his mother's hardship before the BIA and the claim is unexhausted. See Wang, 260 F.3d at 452-53. Even if the BIA's consideration of this issue suffices to exhaust the claim, this court cannot review the

discretionary decision of the IJ.  See <u>Rueda v. Ashcroft</u>, 380 F.3d 831, 831 (5th Cir. 2004).

PETITION DENIED.