**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-60289
Summary Calendar

GURCHARAN SINGH; VARINDER JEET KAUR

Petitioners

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A91 577 784
BIA No. A78 885 074

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Gurcharan Singh, a native and citizen of India, petitions for our review of an order from the Board of Immigration Appeals (BIA). That order dismissed Singh's appeal of the immigration judge's (IJ) denial of applications for asylum, cancellation of removal, withholding of removal, relief under the Convention Against Torture (CAT), as well as denial of Singh's request for voluntary departure. Singh's wife, Varinder Jeet Kaur, sought derivative

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

benefits under Singh's asylum application. Kaur did not, however, file a separate application for withholding of removal and does not challenge the IJ's determination that she has waived the filing of that application.

We review the BIA's rulings of law de novo and its findings of fact for substantial evidence. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Under the substantial-evidence standard, reversal is improper unless we decide "not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted); 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen*, 470 F.3d at 1134. We apply this standard when reviewing determinations regarding asylum, withholding of removal, and relief under the CAT. *See id*.

The BIA found no clear error in the IJ's determination that Singh is statutorily ineligible for asylum because of his failure to file his asylum application within one year following his arrival in the United States or his failure to demonstrate either that changed circumstances affected his eligibility for that asylum or extraordinary circumstances prevented him from timely filing his application. We lack jurisdiction to review a determination of timeliness that is based on findings of fact, as is the case here. *Zhu,* 493 F.3d at 594-95; *Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 (5th Cir. 2007).

In any event, the evidence does not compel the conclusion that Singh was persecuted or had a well-founded fear of persecution because he is a Sikh. *See Jukic v. I.N.S.,* 40 F.3d 747, 749 (5th Cir. 1994); *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). The record reflects that Singh was questioned by Indian authorities only once, during which time he was not physically restrained or harmed in any way. Further, although the authorities attempted to question

him after his release, there is no evidence that the authorities threatened him or any member of his family with physical harm.

The evidence does not compel the conclusion that Singh, who was questioned but once by Indian authorities more than twelve years ago and who was never physically mistreated by Indian authorities, would be subjected to any persecution, much less to torture. Thus, Singh cannot meet the more stringent standard for withholding of removal or relief under the CAT. *See Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004).

We lack jurisdiction to review Singh's claim that the BIA erred in denying a request for the discretionary relief of voluntary departure. 8 U.S.C. § 1252(a)(2)(B); *Eyoum v. INS*, 125 F.3d 889, 891 (5th Cir. 1997). We also lack jurisdiction to review the BIA's denial of Singh's application for cancellation of removal under 8 U.S.C. § 1229b. 8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). Singh does not raise a constitutional claim or a question of law but instead contends that the IJ and the BIA failed to weigh the relevant factors in determining whether he had demonstrated extremely unusual hardship. Such a discretionary determination falls squarely within the jurisdictional bar of § 1252(a)(2)(B), so we are without jurisdiction to review the BIA's determination. *See Rueda*, 380 F.3d at 831.

Finally, Singh has failed to challenge, either before the BIA or in his petition for review, the IJ's denial of his wife's cancellation of removal claim. This issue is thus deemed waived. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004)(issues not raised in petition for review are waived); *see also Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001)(this court lacks jurisdiction to review claims not raised to the BIA).

Accordingly, the petitioners's petition for review is DENIED in part and is DISMISSED in part for lack of jurisdiction.