United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-21019

PEDRO DELGADO-REYNUA,

Petitioner-Appellee,

VERSUS

ALBERTO R. GONZALES,
UNITED STATES ATTORNEY GENERAL,

Respondent-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, JOLLY, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Pedro Delgado-Reynua is a native and citizen of Mexico. In 1999, the government commenced deportation proceedings against him based upon his guilty plea to a charge of indecency with a child. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). Subject now to a removal order, Delgado-Reynua filed a petition for writ of habeas corpus in the Southern District of Texas. Pursuant to the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005) ("RIDA"), we vacate the district court's grant of habeas relief and convert Delgado-Reynua's petition for writ of habeas corpus into a petition for review. In part, we

dismiss Delgado-Reynua's petition for lack of jurisdiction, and as to that portion over which we have jurisdiction under RIDA, we deny the petition for review on the merits.

## FACTUAL AND PROCEDURAL BACKGROUND

Delgado-Reynua became a lawful permanent resident of the United States on December 12, 1990 through amnesty provisions. Three years later, he pleaded guilty to a charge of indecency with a child. *See* TEX. PEN. CODE § 21.11. Delgado-Reynua received a deferred adjudication of guilt and six years' probation.

In July 1999, the Immigration and Naturalization Service ("INS") charged Delgado-Reynua as subject to removal as an alien convicted of an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii); *see also id*. § 1101 (a)(43)(A). At a removal hearing, the immigration judge ("IJ") determined Delgado-Reynua was deportable and ordered him removed. Delgado-Reynua requested a waiver of removability under the now-repealed section 212(c) of the Immigration and Nationality Act ("INA"), formerly codified at 8 U.S.C. § 1182(c). The IJ determined that section 212(c) waiver was not available. Delgado-Reynua appealed to the Board of Immigration Appeals ("BIA"). During the pendency of that appeal, the Supreme Court issued *INS v. St. Cyr*, 533 U.S. 289 (2001) (holding that aliens with convictions predating the elimination of section 212(c) of the INA could apply for discretionary relief from removal). The BIA remanded Delgado-Reynua's case so that the IJ could determine

2

if he was entitled to section 212(c) relief pursuant to *St. Cyr*.

On August 29, 2002, after a hearing, the same IJ who originally ordered Delgado-Reynua removed, granted Delgado-Reynua a section 212(c) waiver of removability. The IJ's order described the circumstances surrounding the underlying conviction. Delgado-Reynua repeatedly committed indecent acts with the eight-year-old granddaughter of his employer over a lengthy but disputed period of time, not less than one year and not greater than approximately three years. Based upon testimony at the hearing, the IJ's order noted Delgado-Reynua's remorse, his completion of therapy mandated as a result of his conviction, the close relationship of Delgado-Reynua's family, and the length of time Delgado-Reynua had resided in the United States. The IJ weighed these equities and hardships of removal against the seriousness of the underlying criminal offense and granted Delgado-Reynua discretionary relief from removal under section 212(c), citing the remoteness in time of the crime, a lack of criminal record since the crime, and Delgado-Reynua's remorse and rehabilitation.

The Department of Homeland Security ("DHS"), formerly the INS, appealed to the BIA. On discretionary review of the IJ's factual findings, the BIA affirmed the IJ's use of a balancing test to determine waiver, but explained that although the balancing test was necessary to a grant of section 212(c) relief, the demonstration of positive factors (those weighing in favor of relief) did not compel

3

the grant of such relief. Without deciding the issue, the BIA assumed that Delgado-Reynua demonstrated unusually positive equities supporting section 212(c) relief and held that such relief had to be denied because Delgado-Reynua "did not meet his burden to establish that the equities presented outweigh the negative factors." The BIA concluded that the IJ gave insufficient weight to the serious adverse factor in the case, that is, the conviction for indecency with a child, and the BIA noted additional, material negative factors: the young age of the victim and the extended period of the abuse. In light of the IJ's failure to properly account for the factors in the record weighing against waiver, the BIA vacated the IJ's order grating section 212(c) waiver of removability and again ordered Delgado-Reynua removed to Mexico.

Delgado-Reynua filed a petition for writ of habeas corpus in the Southern District of Texas, challenging the BIA's order of removal and arguing that the BIA acted *ultra vires* its authority to vacate his section 212(c) relief on the basis of the BIA's improper reweighing of factors considered by the IJ without regard to the traditional "clearly erroneous" standard. Without providing the government an opportunity to respond, the district court entered an order granting the habeas petition, reversing the BIA's order, and vacating the BIA's order of removal.

The government filed a Rule 59(e) motion before the district court, arguing that the BIA acted properly in reversing the IJ under

4

discretionary powers granted to the BIA by 8 C.F.R. § 1003.1(d)(3)(ii). Delgado-Reynua responded in opposition, arguing that the BIA's decision was a reversal of the IJ on issues of law and fact and that the reversal arose out of the BIA's improper *de novo* review. The district court denied the government's Rule 59(e) motion on the grounds that the BIA may only reverse an IJ's decision if the decision is clearly erroneous and that the BIA violated its own standards in reviewing the IJ's order *de novo*. The government appealed the district court's grant of habeas relief.

**DISCUSSION**

I.

After the government filed its appeal with this Court on April 5, 2005, Congress passed RIDA, Pub. L. No. 109-13, 119 Stat. 231 (2005).

> The Act explicitly forecloses habeas review of removal orders and provides that a petition for review is the sole and exclusive means of judicial review for all removal orders except those issued pursuant to 8 U.S.C. § 1225(b)(1). *See* Pub. L. No. 109-13, 119 Stat. 231, 310, § 106(a)(1)(B). The Act specifies that a habeas petition pending before a district court as of the REAL ID Act's effective date is to be transferred to the appropriate court of appeals and converted into a petition for review. *See* Pub. L. No. 109-13, 119 Stat. 231, 311, § 106(c).

*Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir. 2006).

And although RIDA did not specify the treatment of habeas petitions on appeal at the time of the Act's efficacy, this Court has held that "habeas petitions on appeal as of May 11, 2005, . . .

5

. are properly converted into petitions for review." *Id.* (quoting *Rosales v. BICE*, 426 F.3d 733, 736 (5th Cir. 2005) (per curiam), *cert. denied*, 126 S. Ct. 1055, 163 L. Ed. 2d 882 (2006)). Here, the government, rather than the petitioner, seeks appellate review of the district court's order. However, in such a case the effect of RIDA and *Rosales* is the same. *See Ramirez-Molina v. Ziglar*, 436 F.3d 508, 512-13 (5th Cir. 2006). We vacate the district court's exercise of habeas jurisdiction over Delgado-Reynua's original habeas petition and convert Delgado-Reynua's habeas petition into a petition for review of the removal order.

**II.**

The government argues this Court lacks jurisdiction to consider the petition for review in so far as it challenges the BIA's discretionary denial of section 212(c) relief. Delgado-Reynua argues that jurisdiction is proper to review each of his challenges to the BIA's order.

RIDA amended the INA to limit appellate jurisdiction over petitions for review in cases such as this, where petitioner is an aggravated felon, to solely "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also Hernandez-Castillo*, 436 F.3d at 519. Delgado-Reynua characterizes his challenge to the BIA's order as presenting two questions of law. First, Delgado-Reynua argues that the BIA improperly conducted *de novo* review, rather than reviewing the IJ's decision for clear error, when it

6

reweighed the facts relevant to the grant of discretionary relief. Second, citing *Molina-Camacho v. Ashcroft*, 393 F.3d 937 (9th Cir. 2004), Delgado-Reynua argues that even if the BIA's weighing of the factors were appropriate, the BIA did not have the power to enter a removal order, only the IJ on remand did.

As to the argument that the BIA's decision involved an improper review of the factual basis for the IJ's order, Delgado-Reynua has not raised a legal question over which this Court has jurisdiction. Although Delgado-Reynua phrases his argument in legal terms, he uses those terms to cloak a request for review of the BIA's discretionary decision, which is not a question of law. The BIA's order did not involve fact-finding, but instead was the discretionary exercise of its power to review and reverse the IJ's grant of, rather than eligibility for, section 212(c) relief. *See St. Cyr*, 533 U.S. at 307; *Bravo v. Ashcroft*, 341 F.3d 590, 592-93 (5th Cir. 2003) (distinguishing the question of law presented by the issue of eligibility for discretionary relief from the discretionary issue of the grant or denial of that discretionary relief); *see also Guerra-Moya v. Winfrey*, No. 04-40746 (5th Cir. Mar. 15, 2006) (exercising jurisdiction under RIDA over a question of *eligibility* for section 212(c) relief). We dismiss for lack of jurisdiction Delgado-Reynua's petition in so far as it challenges the BIA's denial of section 212(c) discretionary relief from removal. *Cf. Hadwani v. Gonzales*, No. 05-60066 (5th Cir. Apr. 4, 2006).

7

Delgado-Reynua next argues that he presents a question of law, over which RIDA grants this Court jurisdiction, by challenging the BIA's order on the grounds that the BIA exceeded its authority when it issued a removal order in the first instance instead of remanding to the IJ after reversing the IJ's grant of section 212(c) relief. The government concedes in supplemental briefing that on this issue alone, whether the BIA exceeded its authority, Delgado-Reynua presents a legal question over which this Court has jurisdiction under RIDA. Because Delgado-Reynua challenges the BIA's authority to order his removal, we agree that a question of law vesting this Court with jurisdiction is presented. However, reviewing that claim of error, Delgado-Reynua's petition is without merit and is denied.

**III.**

The INA defines an "order of deportation" as "the order of the special inquiry officer, or other such administrative officer to whom the Attorney General has delegated the responsibility for determining whether an alien is deportable, *concluding that the alien is deportable* or ordering deportation." 8 U.S.C. § 1101(a)(47) (emphasis added). Here, the IJ determined that Delgado-Reynua was deportable on September 28, 1999 and entered an order effecting that determination. Indeed, the subsequent consideration of availability of waiver from that order rested upon the predicate determination that Delgado-Reynua was deportable. The IJ later

8

reiterated that an order of deportation was entered in 1999 in the Oral Decision of the Immigration Judge, the decision that was entered on August 29, 2002 and that granted section 212(c) relief. Thus, Delgado-Reynua was ordered removed from the United States in the first instance by the IJ in 1999. The BIA simply reinstated that determination after it denied the waiver for which Delgado-Reynua was deemed eligible but to which he was not, in the BIA's exercise of its discretion, entitled.

Delgado-Reynua, in spite of such a record and the plain statutory text of § 1101(a)(47), argues that the BIA lacked legal authority to order him removed and should have remanded to the IJ. *See Molina-Camacho*, 393 F.3d at 941 (addressing discretionary relief in the form of cancellation, rather than waiver under section 212(c), granted by the IJ and reversed on appeal to the BIA). Both the Eighth and Ninth Circuits have addressed the legal question of the BIA's power to enter an order of removal upon review of an IJ's order. *Id.*; *Solana-Chicas v. Gonzales*, 440 F.3d 1050 (8th Cir. 2006) (addressing, as in *Molina-Camacho*, cancellation of removal granted by the IJ and reversed on appeal to the BIA). We join the Eighth Circuit in concluding that where the BIA reverses an IJ's grant of discretionary relief and gives effect to the IJ's original order of removability, the BIA has merely eliminated "impediments to removal" and effected the original removal order. *See Solana-Chicas*, 440 F.3d at 1054. Such disposition does not offend the

9

scope of the powers granted to the BIA by either Congress or the Attorney General. *Id*. Accordingly, Delgado-Reynua's legal challenge to the BIA's authority to order removal is denied.

**CONCLUSION**

For the foregoing reasons, we VACATE the district court's order granting habeas relief, CONVERT Delgado-Reynua's challenge to the BIA's order to a petition for review, DISMISS IN PART the petition for lack of jurisdiction, and DENY IN PART the petition on the merits.