United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60689
Summary Calendar
_____

MANUEL ANGUIANO-ARTEAGA,

                              Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                              Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A41 631 765)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Petitioner Manuel Anguiano-Arteaga (Anguiano) appeals (1) the Board of Immigration Appeals' (BIA) reversal of the immigration judge's grant of a waiver of inadmissibility and (2) the BIA's final order of removal based on Anguiano's commission of an aggravated felony. Anguiano argues that his crime of indecency with a child by exposure was not an aggravated felony. The respondent argues that we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(C).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have held that, under § 1252(a)(2)(C), jurisdiction will be precluded when the alien is removable for committing an aggravated felony. See Nehme v. INS, 252 F.3d 415, 420 (5th Cir. 2001). Anguiano's conviction under TEX. PENAL CODE ANN. § 21.11(a)(2) is an aggravated felony. See United States v. Zavala-Sustaita, 214 F.3d 601, 607 (5th Cir. 2000). Consequently, we lack jurisdiction to consider his petition. See § 1252(a)(2)(C); Nehme, 252 F.3d at 420. In addition, we lack jurisdiction over the BIA's "discretionary exercise of its power to review and reverse the IJ's grant of, rather than eligibility for, section 212(c) relief." See Delgado-Reynua v. Gonzales, 450 F.3d 596, 600 (5th Cir. 2006)percent. We therefore dismiss this portion of Anguiano's petition for review.

Anguiano also argues that the BIA should have remanded the matter to the immigration judge rather than ordering him removed. The BIA did not exceed the scope of its authority in so doing. See Delgado-Reynua, 450 F.3d at 600-601. This portion of Anguiano's petition for review is therefore denied.

PETITION FOR REVIEW DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.