United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60626
Summary Calendar

JOSE EZEQUIEL MARTINEZ-MARTINEZ,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A41 272 217
--------------------

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Ezequiel Martinez-Martinez (Martinez), a native and citizen of Mexico, filed a 28 U.S.C. § 2241 petition in the district court challenging the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of relief under former § 212(c) of the Immigration and Nationality Act and the BIA's decision denying Martinez's motion to reopen based on ineffective assistance of counsel. The district court transferred the case to this Court pursuant to the REAL ID Act of 2005 and we now consider the matter as a petition for review of the BIA's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decisions.  See Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied, 126 S. Ct. 1055, 163 L. Ed. 2d 882 (2006).

The REAL ID Act generally precludes judicial review of discretionary decisions of the Attorney General, including the grant or denial of a waiver of removability.  8 U.S.C. § 1252(a)(2)(B)(ii); see Gutierrez-Morales v. Homan, 461 F.3d 605, 609 (5th Cir. 2006).  The Act also precludes judicial review of any removal order based on, inter alia, commission of an aggravated felony.  § 1252(a)(2)(c); see Hernandez-Castillo v. Moore, 436 F.3d 516, 519 (5th Cir. 2006), petition for cert. filed (Mar. 28, 2006) (No. 05-1251).  However, none of these provisions "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review . . . ." § 1252(a)(2)(D).

Martinez contends that the BIA erred when it affirmed the IJ's denial of his application for § 212(c) relief.  Although Martinez phrases his arguments in legal terms, he is, in essence, seeking review of the IJ's discretionary denial of § 212(c) relief.  See Delgado-Reynua v. Gonzales, 450 F.3d 596, 599-600 (5th Cir. 2006). An IJ's discretionary denial of relief under § 212(c) does not present a question of law or a constitutional claim over which this court has jurisdiction.  Marquez-Marquez v. Gonzales, 455 F.3d 548, 561 (5th Cir. 2006).  Therefore, we lack jurisdiction to review

Martinez's challenge to the BIA's decision affirming the IJ's denial of his application for § 212(c) relief.

Martinez also contends that the BIA erred when it denied his motion to reopen based on ineffective assistance of counsel. Martinez argues that he had constitutionally protected liberty and property interests in his application for § 212(c) relief and, thus, he was entitled to due process in the adjudication of that application.

We have not conclusively determined whether an alien has a constitutional right to effective counsel in removal proceedings. See Gutierrez-Morales, 461 F.3d at 609. Nevertheless, we have "stated several times in dicta . . . that an alien's right to due process is violated when the representation afforded [him] was so deficient as to impinge upon the fundamental fairness of the hearing, and, as a result, the alien suffered substantial prejudice." Id. (internal quotation marks and citations omitted).

Even if aliens have a constitutional right to effective counsel in certain circumstances, Martinez does not allege a violation of due process. Martinez's ineffective assistance claim relates to the denial of his application for § 212(c) relief. Because § 212(c) relief is available within the broad discretion of the Attorney General, it is not a right protected by due process. United States v. Lopez-Ortiz, 313 F.3d 225, 231 (5th Cir. 2002). His counsel's alleged deficiencies merely restricted Martinez's chance of obtaining discretionary relief under § 212(c) and,

therefore, Martinez has not alleged a violation of due process. See <u>Assaad v. Ashcroft</u>, 378 F.3d 471, 476 (5th Cir. 2004); <u>Lopez-Ortiz</u>, 313 F.3d at 231.  Because Martinez does not present a constitutional claim, we lack jurisdiction to review his challenge to the BIA's denial of his motion to reopen.

Accordingly, the petition for review is dismissed for lack of jurisdiction.

PETITION DISMISSED.