United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60789
Summary Calendar

EDGAR ENRIQUE MORENO-ORTIZ,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A20 842 171
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Edgar Enrique Moreno-Ortiz, a native and citizen of
Columbia, petitions this court for review of the Board of
Immigration Appeals' (BIA) decision affirming the Immigration
Judge's (IJ) denial of his application for relief under the
Convention Against Torture (CAT).  Because Moreno-Ortiz is alien
removable as an aggravated felon, this court's jurisdiction over
his petition for review is limited solely to constitutional

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims or questions of law. 8 U.S.C. § 1252(a)(2)(C) and (D).

Moreno-Ortiz argues that the IJ applied the incorrect legal standard to his claim for relief under the CAT and that his substantive due process rights under the state-created danger exception will be violated if he is removed to Columbia.

This court previously held that it did not have jurisdiction to review Moreno-Ortiz's first petition for review and Moreno-Ortiz has not demonstrated why his current constitutional claim could not have been presented in his first petition. 8 U.S.C. § 1252(d)(2); see Medina v. INS, 993 F.2d 499, 503 (5th Cir. 1993). This court is therefore without jurisdiction to review Moreno-Ortiz's constitutional claim.

We further find that the IJ clearly set forth the proper legal standard to be applied in determining whether Moreno-Ortiz is entitled to protection under the CAT. Because the IJ articulated the correct standard, Moreno-Ortiz has failed to raise a true question of law over which this court has jurisdiction. See Delgado-Reynua v. Gonzales, 450 F.3d 596, 599-600 (5th Cir. 2006).

Accordingly, Moreno-Ortiz's petition for review is DISMISSED.