IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-60596
Summary Calendar

BALKAR SINGH JOSAN

Petitioner

V.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A92 775 030

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Balkar Singh Josan petitions this court for review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his application for cancellation of removal under 8 U.S.C. § 1229b as well as the BIA's denial of his motion for reconsideration. Josan asserts that his removal proceedings are invalid and should be terminated because his application for relief pursuant to the Legal Immigration Family Equity (LIFE) Act was used in connection with his removal proceedings in violation of the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confidentiality provision found at 8 U.S.C. § 1255a(c)(5). Josan also contends that the BIA and IJ erred in denying his application for cancellation of removal because his deportation will cause hardship to his family and because the IJ ignored some of the evidence when conducting the hardship analysis. He insists that his due process rights have been infringed because the cancellation places an unconstitutionally high burden on aliens seeking relief, and that his children's due process rights were violated by the denial of his request for cancellation of removal.

Josan has shown no error in connection with the BIA's decisions. To the extent that Josan challenges the BIA's discretionary denial of his request for cancellation, we lack jurisdiction to consider this contention. See 8 U.S.C. § 1252(a)(2)(B)(i), (ii); Rueda v. Ashcroft, 380 F.3d 831, 831 (5th Cir. 2004). Josan attempts to circumvent this jurisdictional limitation by arguing that his claim concerning the IJ's hardship analysis presents a legal question. This argument is unavailing. See Delgado-Reynua v. Gonzales, 450 F.3d 596, 599-600 (5th Cir. 2006). As we lack jurisdiction to review the hardship determination, Josan's petition for review is dismissed in part for want of jurisdiction.

We do, however, have jurisdiction to consider the due process challenges that Josan raises in relation to the denial of his request for cancellation of removal. When we consider these challenges, we conclude that they lack merit. Aliens have no due process rights in connection with discretionary relief such as cancellation of removal. See Mireles-Valdez v. Ashcroft, 349 F.3d 213, 219 (5th Cir. 2003); see also § 1229b. Josan's assertions concerning his children's rights are unavailing because these rights are not at issue in this action. See Garcia v. Boldin, 691 F.2d 1172, 1183 (5th Cir. 1982). Josan has not shown a violation of his due process rights in connection with the BIA's affirmance of the IJ's denial of Josan's request for cancellation of removal. Accordingly, his petition for review of this decision is denied in part.

Josan has not shown error in connection with the denial of his motion for reconsideration, in which he maintained that his removal proceedings should be terminated because they were incurably tainted by a breach of § 1255a(c)(5)'s confidentiality provision. The BIA rejected this argument because (1) the charge arising from the LIFE application was dismissed, (2) Josan admitted the charge on which he was ordered removed, and (3) he had not shown that he was prejudiced by any error that occurred. There is no indication that this decision was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." See Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006). Consequently, Josan's petition for review of this decision is also denied.

DISMISSED in part; DENIED in part.