**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-60864
Summary Calendar

GI CHUL BYEON

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 042 703

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gi Chul Byeon petitions for review of the Board of Immigration Appeals'
(BIA) dismissal of his appeal from the Immigration Judge's order of removal and
denial of his application for adjustment of status based upon the determination
that Byeon had been convicted of two crimes involving moral turpitude. Byeon
argues that the BIA erred in determining that his South Carolina conviction for
drawing and uttering a fraudulent check was a crime involving moral turpitude.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time, he contends that the offense did not involve moral turpitude because he did not have the requisite intent to defraud. Byeon additionally renews his assertion that he was not convicted in the South Carolina case because no punishment was assessed. The Government counters that this court lacks jurisdiction to entertain the petition for review.

This court reviews questions of jurisdiction de novo. *Nehme v. INS*, 252 F.3d 415, 420 (5th Cir. 2001). Because the claim that Byeon lacked the requisite intent to defraud is raised for the first time in his petition for review, this court lacks jurisdiction to consider it. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); 8 U.S.C. § 1252(d)(1).

This court similarly lacks jurisdiction to review the remaining claims raised by Byeon unless they raise legal or constitutional questions. 8 U.S.C. §§ 1252(a)(2)(C) and (D). Byeon argues that this court has jurisdiction because he raises a question of law only, to wit: whether a conviction in South Carolina for drawing and uttering a fraudulent check is categorically defined as a crime involving moral turpitude. However, he does not actually brief any such argument, urging instead that the BIA erred in finding that he was assessed any punishment as a result of the South Carolina offense. He specifically disputes the BIA's finding that he was ordered to pay court costs and surcharges. Because Byeon's claim is, in reality, an attempt to have this court revisit the factual findings of the BIA, this court lacks jurisdiction to consider it. *See* §§ 1252(a)(2)(C) and (D); *see also Vasquez-Martinez v. Holder*, 564 F.3d 712 (5th Cir. 2009); *cf. Delgado-Reynua v. Gonzales*, 450 F.3d 596, 599-600 (5th Cir. 2006). Accordingly, the petition for review is DISMISSED.