# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2010

No. 09-60624

Lyle W. Cayce
Clerk

ALFREDO GARZA GUERRA, also known as Alfredo Garza–Guerra,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A017 896 860

Before JONES, Chief Judge, and KING and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alfredo Garza Guerra petitions for review of an order of the Board of Immigration Appeals, vacating a grant of waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996). As we lack jurisdiction to review the Board's order, we DISMISS the petition

.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60624

# I. BACKGROUND

Alfredo Garza Guerra (Garza), a native and citizen of Mexico, is a lawful permanent resident (LPR) of the United States. Garza has lived in the United States since 1967, and most of his family members are U.S. citizens, including his wife and three daughters. Garza has two convictions under Texas law. In 1982, he pleaded no contest to aggravated sexual assault of a child, was sentenced to five years of imprisonment, and served six months. He pleaded guilty to criminal mischief for slashing tires in 1983, for which he was sentenced to 60 days. Garza contends he was wrongly convicted of both crimes. He denies any sexual contact with the victim in the 1982 conviction and contends that he only pleaded no contest on advice of his defense attorney, who told him the prosecution would put the five-year-old victim on the stand and that the jury would believe the victim. As to the criminal mischief conviction, Garza contends that a friend slashed his ex-girlfriend's tires, that Garza was merely in the wrong place at the wrong time, and that he pleaded guilty and agreed to pay for the tires because he was confused.

In 2006, Garza sought entry to the United States at a port of entry. Because of Garza's prior convictions, the Department of Homeland Security (DHS) charged Garza with removability under §§ 212(a)(2)(A)(i)(I) and (a)(2)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182. Before an Immigration Judge (IJ), Garza conceded both charges of removability but moved for a waiver of inadmissibility under former § 212(c) of the INA, 8 U.S.C. § 1182 (repealed 1996).[1] The IJ conducted a balancing test between positive and

---

[1] Section 212(c) offered a discretionary waiver of inadmissibility to LPRs who have established at least seven years of unrelinquished domicile in the U.S. and who would otherwise be inadmissible due to convictions. Section 212(c) was repealed in 1996, by the passage of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (1996). However, in *INS v. St. Cyr*, the Supreme Court held that § 212(c) discretionary relief "remains available for aliens . . . whose convictions

negative factors, including Garza's prior convictions. The IJ noted a number of positive factors leaning in Garza's favor, including his long-time legal residence, his U.S. citizen family members, his steady employment history, and his ownership of property. The IJ also discussed the "very serious" conviction for aggravated sexual assault of a child, noting that Garza did not demonstrate rehabilitation, as he continued to deny culpability for the underlying offense. However, the IJ was swayed by the facts that the conviction stemmed from conduct that occurred when Garza was only 17 years old, more than 25 years before these proceedings commenced, and that Garza did not have any other criminal history involving sexual offenses. The IJ exercised his discretion to grant Garza's § 212(c) motion for waiver of inadmissibility.

The DHS appealed the IJ's decision to the BIA, which conducted a de novo review of the grant of waiver. While the BIA acknowledged "favorable factors in the record, including [Garza's] family ties in the United States," it determined that the favorable factors were "greatly outweighed by the adverse ones, namely [Garza's criminal convictions]" and his failure to accept responsibility for his criminal conduct. The BIA noted in particular the young age of the victim involved. Finding that Garza's "criminal and sexually predatory offenses" greatly outweighed the equities in his favor, the BIA vacated the IJ's grant of a § 212(c) waiver.

Garza filed a timely petition for review in this court. Garza challenges the BIA's decision on the grounds that the BIA improperly conducted a de novo review of the IJ's decision and failed to conduct a balancing test. The DHS

---

were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." 533 U.S. 289, 326 (2001). While the language "of § 212(c) would appear to apply only to the admission of returning aliens, it [has been] interpreted by the BIA and the courts to allow certain removable aliens to apply for a discretionary waiver." *Marquez–Marquez v. Gonzales*, 455 F.3d 548, 551 n.8 (5th Cir. 2006). As Garza's convictions date from 1982 and 1983, he remains eligible for § 212(c) discretionary relief.

contends that we do not have jurisdiction to hear Garza's petition, as it merely questions a discretionary decision of the BIA and fails to raise a legal question.

## II. DISCUSSION

We have jurisdiction to determine our own jurisdiction. *Marquez–Marquez*, 455 F.3d at 554. Our jurisdiction to review final orders of removal is limited. *Id.* at 553–54. The IIRIRA strips federal courts of "jurisdiction to review any final order of removal against an alien who is removable" because he committed criminal offenses covered under § 1182(a)(2).[2] 8 U.S.C. § 1252(a)(2)(C). Additionally, the IIRIRA divests federal courts of jurisdiction to hear challenges to discretionary decisions of the BIA, including the denial of § 212(c) relief. *See* 8 U.S.C. § 1252(a)(2)(B); *Delgado–Reynua v. Gonzales*, 450 F.3d 596, 599–600 (5th Cir. 2006). However, we retain jurisdiction to hear "constitutional claims or questions of law" raised by a petition for review, despite the two jurisdiction-stripping provisions cited above. 8 U.S.C. § 1252(a)(2)(D); *see also Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006) (per curiam). Because Garza concedes that he is removable under both §§ 1182(a)(2)(A)(i)(I) (moral turpitude) and 1182(a)(2)(B) (multiple convictions), §§ 1252(a)(2)(B) and (C) deprive us of jurisdiction to review Garza's claim that the BIA erred in determining, in the exercise of discretion, that Garza did not merit § 212(c) relief, unless his challenge presents a constitutional claim or a question of law for purposes of § 1252(a)(2)(D). *Cf. Marquez–Marquez*, 455 F.3d at 560–61.

Garza argues that the BIA abused its discretion by improperly applying a de novo standard of review instead of reviewing for abuse of discretion. He

---

[2] Under the IIRIRA, an alien who has been convicted of a crime of moral turpitude or of two or more offenses for which the aggregate sentence is five years or more in prison is inadmissible. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I) (moral turpitude), 1182(a)(2)(B) (multiple convictions). Garza conceded before the IJ that he was indeed removable under both of these subsections.

contends that the application of an allegedly improper standard of review constitutes a question of law, and therefore we have jurisdiction to consider this claim.[3]  However, our circuit squarely addressed this issue in *Delgado–Reynua*, 450 F.3d at 599–600.  There, the petitioner argued that we had jurisdiction to review his challenge to the BIA's discretionary denial of § 212(c) relief because "the BIA improperly conducted *de novo* review, rather than reviewing the IJ's decision for clear error."  *Id*. at 599.  We read this argument as an attempt to "phrase[ ] his argument in legal terms" in order "to cloak a request for review of the BIA's discretionary decision, which is not a question of law."  *Id*. at 599–600.  Like the petitioner in *Delgado–Reynua*, Garza attempts to veil the argument that the BIA abused its discretion—which is clearly outside our jurisdiction—in terms of a legal question.  Accordingly, we lack jurisdiction to hear this argument.[4]

In his brief, Garza initially asserts that the BIA did not conduct a balancing test.  However, his argument on this point focuses exclusively on the BIA's alleged failure to list *all* of the evidence presented in Garza's favor.  To the extent that Garza argues that the BIA did not consider all the relevant factors in favor of granting waiver of inadmissibility, this argument is also outside of

---

[3] To support this argument, Garza cites to a number of Fifth Circuit cases where we conducted abuse of discretion review of § 212(c) decisions, including *Villarreal–San Miguel v. INS*, 975 F.2d 248 (5th Cir. 1992), *Ghassan v. INS*, 972 F.2d 631 (5th Cir. 1992)*, Ashby v. INS*, 961 F.2d 555 (5th Cir. 1992), *Diaz–Resendez v. INS*, 960 F.2d 493 (5th Cir. 1992), *Luciano–Vincente v. INS*, 786 F.2d 706 (5th Cir. 1986) (per curiam), and *Osuchukwu v. INS*, 744 F.2d 1136 (5th Cir. 1984).  However, these cases pre-date the enactment of the jurisdiction-stripping provisions of the IIRIRA enacted in 1996; therefore, Garza's reliance is misplaced.

[4] Even if we had jurisdiction to consider Garza's argument that the BIA applied an incorrect standard of review, that argument would fail on the merits, as the administrative regulations that govern the BIA state that "[t]he [BIA] may review questions of law, discretion, and judgment and all other issues [other than findings of fact] in appeals from decisions of [IJs] de novo."  8 C.F.R. § 1003.1(d)(3)(ii).  As the decision whether to grant waiver of inadmissibility under § 212(c) is discretionary, *see St. Cyr*, 533 U.S. at 294–95, the BIA did not err in conducting a de novo review of the IJ's decision.

our jurisdiction. *Cf. Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007) (holding that argument that IJ "did not consider all of the relevant factors" in a balancing inquiry did not pose a constitutional claim or question of law and therefore fell outside our jurisdiction).

## III. CONCLUSION

For the foregoing reasons, we DISMISS the petition for lack of jurisdiction.