# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2011

No. 10-60613
Summary Calendar

Lyle W. Cayce
Clerk

ROTIMI DEJI ADETUNJI, also known as Paul Derek Collins,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 543 636

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rotimi Deji Adetunji appeals the denial of his requests for waivers of removability made pursuant to 8 U.S.C. §§ 1182(h) and 1227(a)(1)(H). The immigration judge (IJ) determined that Adetunji did not provide credible testimony and declined to exercise his discretion to grant the requested relief after concluding that the negative factors outweighed the positive factors. The Board of Immigration Appeals (BIA) concurred in the findings of the IJ.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60613

This court reviews the decision of the BIA, as well as the decision of the IJ to the extent that his decision influenced the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir. 2007). To the extent that Adetunji challenges the IJ's credibility determination or his decision not to exercise his discretion in awarding relief, we are without jurisdiction to hear his petition. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (ii); *Delgado-Reynua v. Gonzales*, 450 F.3d 596, 599-600 (5th Cir. 2006); *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

Adetunji also argues that the denial of discretionary relief violated his due process and equal protection rights. We retain jurisdiction to review legal questions or constitutional claims. § 1252(a)(2)(D). Adetunji's assertions that the IJ's weighing of the factors resulted in an unfair hearing and constituted a denial of equal protection are in fact challenges to the agency's discretionary determination, which we may not review. *See Hadwani v. Gonzales*, 445 F.3d 798, 800-01 (5th Cir. 2006). In addition, Adetunji asserts that the IJ was biased against him, which may rise to the level of a due process violation. *Wang v. Holder*, 569 F.3d 531, 540 (5th Cir. 2009). However, his conclusional assertion and his reliance solely upon the adverse ruling of the IJ is insufficient to establish bias. *Id.* at 540-41. Accordingly, the petition is DISMISSED in part for lack of jurisdiction and DENIED in part.