# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2013

Lyle W. Cayce
Clerk

No. 12-60275
Summary Calendar

MAMADOU OUMAR THIAM, also known as Mamadou Thiam,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A073 073 692

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.
PER CURIAM:[*]

Mamadou Oumar Thiam petitions this court for review of the decision by the Board of Immigration Appeals (BIA) that a favorable exercise of discretion on Thiam's request for cancellation of removal under 8 U.S.C. § 1229b(a) was not warranted. The BIA also determined that Thiam was not eligible for a waiver of removability under 8 U.S.C. § 1227(a)(7) or for special rule cancellation of removal under § 1229b(b)(2). Thiam has abandoned any challenge to these

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

latter determinations by failing to address them in his petition for review. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

Thiam argues that, although the BIA's order stated the correct legal standards, its adverse decision demonstrates that the BIA improperly conducted a de novo review and reweighed the facts of the case. The BIA is entitled to review de novo the immigration judge's decision whether a favorable exercise of discretion is warranted. 8 C.F.R. § 1003.1(d)(3)(ii). We do not have jurisdiction to review the BIA's decision that a favorable exercise of its discretion to grant § 1229b relief was not warranted. 8 U.S.C. § 1252(a)(2)(B)(i); *Delgado-Reynua v. Gonzales*, 450 F.3d 596, 599-600 (5th Cir. 2006); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). Accordingly, Thiam's petition for review is DISMISSED.