# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2013

No. 12-60936
Summary Calendar

Lyle W. Cayce
Clerk

HOMERO GARCIA-REYES,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A070 290 810

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Homero Garcia-Reyes, a native and citizen of Mexico, has filed a petition for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) order of removal and discretionary denial of cancellation of removal. The basis for Garcia-Reyes's removal was his guilty plea conviction in Texas for possession of more than 2,000 pounds of marijuana.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia-Reyes first contends that the BIA violated his due process rights by considering a draft report by the Texas Department of Public Safety which indicated that he was observed unloading the marijuana underlying his conviction. According to Garcia-Reyes, that report was unreliable and untrustworthy such that its admission as evidence violated his due process right to a fundamentally fair hearing. We have jurisdiction to review constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D).

"The test for admissibility of evidence in a deportation proceeding is whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process of law." *Bustos-Torres v. INS*, 898 F.2d 1053, 1055 (5th Cir. 1990). The disputed report satisfied this test, and Garcia-Reyes's petition for review is denied as to this issue. To the extent Garcia-Reyes's complaints about the report attack the weight it was afforded by the BIA and IJ, his arguments amount to a challenge to the ultimate decision to deny discretionary relief, an issue we lack jurisdiction to review. *See* § 1252(a)(2)(B)(i).

In his second issue, Garcia-Reyes contends that the BIA committed three legal errors in finding that he was not rehabilitated after his marijuana conviction: (1) the BIA erroneously treated his assertions of factual innocence regarding that conviction as the basis for finding that he was not rehabilitated; (2) the BIA erred in finding that he had not presented substantial evidence of his rehabilitation; and (3) the BIA failed to give proper deference to the decision of the Board of Pardons and Paroles of the Texas Department of Criminal Justice to grant Garcia-Reyes parole. While Garcia-Reyes frames his arguments as legal challenges, we look past an alien's characterization of an issue and determine whether his arguments actually seek review of the discretionary decision to deny cancellation of removal. *See Falek v. Gonzales*, 475 F.3d 285, 289 & n.2 (5th Cir. 2007); *Delgado-Reynua v. Gonzales*, 450 F.3d 596, 599-600 (5th Cir. 2006). Garcia-Reyes's arguments simply contest the weight given by the BIA and IJ to

different pieces of evidence concerning the issue of rehabilitation. His arguments amount to an attempt to challenge the BIA's and IJ's balancing of the factors relevant to the discretionary decision to deny cancellation of removal. Accordingly, we lack jurisdiction to review his arguments, and his petition for review is dismissed with respect to this issue for lack of jurisdiction. *See* § 1252(a)(2)(B)(i).

DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.