# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2013

Lyle W. Cayce
Clerk

No. 12-60862
Summary Calendar

JORGE SALAZAR MARTINEZ,

Petitioner

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 894 860

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jorge Salazar-Martinez (Salazar) petitions this court for review of the decision of the Bureau of Immigration Appeals (BIA) dismissing his appeal from the decision of the Immigration Judge (IJ) denying his application for adjustment of status to permanent resident pursuant to 8 U.S.C. § 1255.

This court "has the authority to review only the BIA's decision, not the IJ's decision, unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Thus, the court's review herein is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limited to the BIA's adoption of the IJ's determination that Salazar was not entitled to relief in the exercise of discretion.  Therefore, the court lacks jurisdiction to address Salazar's argument that the IJ erred in determining that Salazar had not established by clear and convincing evidence that his marriage was bona fide or his argument that the IJ found him inadmissible for adjustment of status because he was an alien who is likely at any time to become a public charge.

Salazar argues that the IJ applied the incorrect standard of law in exercising his discretion.  He contends that the adverse factors relied on by the IJ have not been treated as adverse in immigration proceedings and, thus, the IJ applied the incorrect standard in requesting that he provide unusual or outstanding equities to rebut those factors.

This court is statutorily barred from reviewing the IJ's and BIA's purely discretionary denial of Salazar's application for adjustment of status to permanent resident filed pursuant to § 1255.  *See Ayanbadejo v. Chertoff*, 517 F.3d 273, 275, 276-78 & 277 n.11 (5th Cir. 2008); *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006).  This court is not precluded from reviewing claims raising constitutional or purely legal questions.  *See* 8 U.S.C. § 1252(a)(2)(D). Despite the fact that a petitioner's purported challenge to the BIA's standard of review is phrased as a question of law, the court lacks jurisdiction to consider that challenge if it was actually a request to review the denial of discretionary relief.  *Delgado-Reynua v. Gonzales*, 450 F.3d 596, 599-600 (5th Cir. 2006).

Relying on the standard announced in *Matter of Arai*, 13 I. & N. Dec. 494 (BIA 1970), the IJ considered all the positive and adverse factors in Salazar's case in determining that relief was not warranted as a matter of discretion. Salazar has not provided evidence to support his conclusional assertion that the multiple adverse factors cited affect the majority of young couples.  Salazar has not raised a substantial legal or constitutional question in that he is merely challenging the IJ's balancing of the factors that were present in his case.  This

determination was a discretionary decision, which the court lacks jurisdiction to review. *See* § 1252(a)(2)(B),(D); *Delgado-Reynua*, 450 F.3d at 599-600; *Hadwani*, 445 F.3d at 800. Therefore, the petition for review is DISMISSED for lack of jurisdiction.