# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60552
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2014

Lyle W. Cayce
Clerk

EMILIO RODOLFO CARRANZA-GARCIA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A047 486 839

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Emilio Rodolfo Carranza-Garcia (Carranza), a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ), denying his applications for cancellation of removal under 8 U.S.C. § 1229b(a), asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60552

Carranza does not address the BIA's dismissal of his appeal to the extent the IJ denied his applications for asylum and withholding of removal whereby he sought relief on the basis of an imputed political opinion and his purported membership in a social group consisting of families targeted by the Gulf Cartel. Nor does he address the BIA's dismissal of his appeal as it pertained to the IJ's denial of his request for protection under the CAT.   Carranza therefore has abandoned any challenge to the denial of such relief.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Carranza challenges, on several grounds, the denial of his applications for asylum and withholding of removal insofar as he sought relief based on his membership in the purported social group of persons who had involuntarily become collaborators with the Gulf Cartel and whom the Cartel believes had betrayed them.  We review the BIA's order and will consider the underlying decision of the IJ to the extent that it influenced the BIA's determination. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).   The BIA's legal conclusions are reviewed de novo.  *Id.*

In his petition for review, Carranza places undue emphasis on the BIA's use of the term "type" when it stated that Carranza "ha[d] not demonstrated membership in the type of 'social group' for which the immigration laws provide protection from persecution."   When read in context, the BIA's statement effectively adopted the IJ's reasoning that the group lacked the particularity and social visibility requirements for protection under the Act. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).   Carranza presents no substantive argument in his petition for review that his claimed group satisfied the particularity and social visibility requirements to constitute a "particular social group" under 8 U.S.C. § 1101(a)(42)(A).   He thus has abandoned this issue.  *See Soadjede*, 324 F.3d at 833.   Further, even if this court considered

2

the latter issue, Carranza could not show that the BIA erred in concluding that the claimed group did not constitute a "particular social group" under the Act. *See Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012).

This court lacks jurisdiction to review the Attorney General's discretionary decision regarding cancellation of removal.    8 U.S.C. § 1252(a)(2)(B)(i); *see Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004); § 1229b(a).    Although Carranza contends that he has presented legal arguments not subject to the jurisdiction-stripping provision of § 1252(a)(2)(B)(i), we need not consider his arguments because they essentially challenge the basis for the discretionary denial of his claim for cancellation of removal.  *See Delgado-Reynua v. Gonzales*, 450 F.3d 596, 600 (5th Cir. 2006). To the extent Carranza raises a due process challenge in relation to the denial of cancellation of removal, that claim is unavailing as "[e]ligibility for discretionary relief from a removal order is not a liberty or property interest warranting due process protection." *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 219 (5th Cir. 2003) (internal quotation marks and citation omitted).

Accordingly, the petition for review is DISMISSED IN PART and DENIED IN PART.  Carranza's unopposed motion requesting that this court take judicial notice of the BIA's decision denying his motion to reconsider is GRANTED.