# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2022

Lyle W. Cayce
Clerk

No. 20-60747
Summary Calendar

Heithem Mohammad Abdul-Khaliq, *also known as* Heithen Abdul, *also known as* Heithem Khaliq, *also known as* Heithen Mohammed Khaliq, *also known as* Abdul Khaliq, *also known as* Heithen Khaliq,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A042 381 990

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Heithem Mohammad Abdul-Khaliq, a native and citizen of Saudi Arabia, petitions for review of the Board of Immigration Appeals' (BIA)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

denying his motion to reopen his removal proceedings, in which his application for cancellation of removal for certain permanent residents, 8 U.S.C. § 1229b(a), was denied. He asserts the BIA: failed to accept evidence; based its decision on an incorrect legal standard; did not articulate the reasons for denying his motion to reopen; and violated his due-process rights.

Questions of jurisdiction are, of course, reviewed *de novo*. *E.g.*, *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006). Our court generally lacks jurisdiction to review the discretionary denial of an application for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i) (noting court does not have jurisdiction over "any judgment regarding the granting of relief under section . . . 1229b"). Petitioner "cannot manufacture jurisdiction" by petitioning for review of a motion to reopen when our court would lack jurisdiction to review a petition challenging a decision following an appeal to the BIA. *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004).

Regarding the assertions that the BIA failed to accept evidence and based its decision on an incorrect legal standard, we have jurisdiction to address constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D). These assertions, however, amount to a request for reconsideration of the BIA's discretionary decision couched in legal terms, which does not confer jurisdiction. *See Delgado-Reynua v. Gonzales*, 450 F.3d 596, 599–600 (5th Cir. 2006) (dismissing for lack of jurisdiction when discretionary issue phrased as question of law).

The contention that the BIA erred by failing to sufficiently explain its decision denying the motion to reopen is unexhausted, which also deprives of us jurisdiction to hear that claim. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022) (explaining challenges "aris[ing] *only* as a

No. 20-60747

consequence of the Board's error" unexhausted unless presented to BIA in motion to reconsider (emphasis in original) (citation omitted)).

Finally, the claim that the BIA's decision not to reopen the proceedings violated Abdul-Khaliq's due-process rights is not cognizable. *See Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019) (explaining "no liberty interest exists in a motion to reopen, and therefore due process claims are not cognizable in the context of reopening proceedings").

DISMISSED in part; DENIED in part.