# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2023

Lyle W. Cayce
Clerk

No. 22-60346

Juan De Dios Chavez-Lopez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 239 480

Before Jones, Clement, and Haynes, *Circuit Judges*.
Per Curiam:[*]

Petitioner Juan De Dios Chavez-Lopez petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen. Chavez-Lopez, a native and citizen of Mexico, arrived in the United States in 1996. He has a spouse who has no legal status and five U.S. citizen children. In 2015, the Department of Homeland Security initiated removal proceedings against Chavez-Lopez. After an Immigration Judge ("IJ")

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60346

found Chavez-Lopez removable, Chavez-Lopez appealed to the BIA. The BIA sustained his appeal, remanding the case to the IJ for consideration of potential relief from removal.

Chavez-Lopez then applied for cancellation of removal, asserting that his removal would result in exceptional and extremely unusual hardship to his children.[1] The IJ concluded that Chavez-Lopez failed to demonstrate such hardship and denied his application. Chavez-Lopez appealed to the BIA, which adopted and affirmed the IJ's decision, dismissing the appeal. Chavez-Lopez then moved for reconsideration (in the nature of reopening). He urged that there was new evidence that his two youngest children suffered severe mental health hardships. The BIA denied this motion, reasoning that Chavez-Lopez had failed to (1) show a factual or legal error that warranted reconsideration or (2) demonstrate that the newly discovered evidence would change the ultimate result. Chavez-Lopez now seeks our review of the BIA's denial of his motion.

"[W]e review the BIA's denial of a motion to reopen or to reconsider under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). We will only overturn the BIA under this standard if its decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (quotation omitted).

---

[1] Under 8 U.S.C. § 1229b(b)(1), the Attorney General has the discretion to "cancel removal of" noncitizens who are removable but meet certain criteria. Most relevant here, those criteria include whether the noncitizen "establishes that removal would result in exceptional and extremely unusual hardship to the [noncitizen's] spouse . . . or child, who is a citizen of the United States or a[] [noncitizen] lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D).

No. 22-60346

Chavez-Lopez argues on appeal that the BIA abused its discretion by overlooking the new evidence of mental health hardships his two youngest children have experienced throughout his proceedings, which, he contends, was material to the outcome of his case. Chavez-Lopez also asserts that the BIA abused its discretion by failing to consider his evidence cumulatively and ignoring relevant precedent while arbitrarily comparing his situation to a dissimilar case. We begin our review by considering our jurisdiction.

8 U.S.C. § 1252(a)(2)(B)(i) prohibits us from reviewing certain BIA determinations, including the BIA's hardship determination at issue here. As we recently concluded, under *Patel v. Garland*, 142 S. Ct. 1614 (2022) "the BIA's determination that a citizen would face exceptional and extremely unusual hardship is an authoritative decision which falls within the scope of [8 U.S.C.] § 1252(a)(2)(B)(i) and is beyond our review." *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022) (per curiam). Likewise, we also lack jurisdiction to review the BIA's refusal to reopen an order of removal if the underlying order is not subject to judicial review under § 1252(a)(2). *Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004) (per curiam). As such, we lack jurisdiction to review the BIA's denial of Chavez-Lopez's motion to reopen insofar as he challenges its hardship determination.[2]

Despite these bars, we do possess jurisdiction over "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Chavez-Lopez does not raise any constitutional claims. He does contend that he is raising questions regarding whether the BIA incorrectly interpreted the law by failing to consider his evidence cumulatively or arbitrarily comparing his case

_____

[2] To the extent Chavez-Lopez characterizes his motion as a motion for reconsideration and argues the BIA erred in denying that motion, we lack jurisdiction to consider the BIA's denial for the same reasons noted above.

to another, different case.    But Chavez-Lopez "may not—merely by phras[ing] his argument in legal terms—use[] those terms to cloak a request for review of the BIA's discretionary decision, which is not a question of law."    *Nastase v. Barr*, 964 F.3d 313, 319 (5th Cir. 2020) (alteration in original) (internal quotation marks and citation omitted).    Thus, insofar as Chavez-Lopez's challenge amounts to a disagreement with the BIA's hardship determination, we lack jurisdiction over it.    *See id.*; *see also Delgado-Reynua v. Gonzales*, 450 F.3d 596, 599–600 (5th Cir. 2006).

To the extent Chavez-Lopez does raise a question of law, his arguments fail on the merits.    The BIA applied the appropriate standard, cumulatively assessed his evidence, and then concluded that said evidence failed to satisfy the high standard for reopening.    We cannot say that the BIA's analysis was "so irrational that it [wa]s arbitrary rather than the result of any perceptible rational approach."    *Zhao*, 404 F.3d at 304 (quotation omitted).

Therefore, for the foregoing reasons, Chavez-Lopez's petition is DISMISSED in part for lack of jurisdiction and DENIED in part.