United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 03-60730
Summary Calendar

————————————————

JOSE RODRIGUEZ RUEDA

                    Petitioner

    v.

JOHN ASHCROFT, US ATTORNEY GENERAL

                    Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
--------------------

Before KING, Chief Judge, and DAVIS and STEWART, Circuit Judges.

PER CURIAM:

    Jose Rodriguez Rueda petitions this court for review of the Board of Immigration Appeals' (BIA) decision summarily affirming the Immigration Judge's (IJ) order denying his application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). Rueda contests the merits of the IJ's determination that he was statutorily ineligible for cancellation of removal because he failed to demonstrate the requisite hardship.

    Because this case involves the granting of relief under 8 U.S.C. § 1229b(b), the jurisdictional bar of 8 U.S.C.

§ 1252(a)(2)(B)(i)[1] is implicated.  See Garcia-Melendez v. Ashcroft, 351 F.3d 657, 661 (5th Cir. 2003).  This provision strips us of jurisdiction over those decisions that involve the exercise of discretion.  Mireles-Valdez v. Ashcroft, 349 F.3d 213, 216 (5th Cir. 2003).  The IJ's determination under § 1229b(b)(1)(D) that Rueda's children would not suffer an "exceptional and extremely unusual hardship" if Rueda were deported to Mexico involved the exercise of discretion.  See, e.g., Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003) (holding that "[t]he decision whether an alien meets the hardship requirement in 8 U.S.C. § 1229b is . . . a discretionary judgment"); cf. Moosa v. INS, 171 F.3d 994, 1012 (5th Cir. 1999) (holding, under the predecessor to § 1229b(b), "that denials of suspension based on the . . . element of 'extreme hardship' are discretionary decisions").  Therefore, this court lacks jurisdiction to review the IJ's hardship determination, and Rueda's petition is DISMISSED.  See Mendez-Moranchel, 338 F.3d at 179.

---

[1] As we have previously explained, the judicial review provisions codified in § 1252(a)(2) apply to removal proceedings, like Rueda's, that commenced after April 1, 1997.  See, e.g., DeLeon-Holquin v. Ashcroft, 253 F.3d 811, 813 (5th Cir. 2001).