United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60807
Summary Calendar
_____

REYES IVAN ESPINOZA,

                                        Petitioner,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 757 257
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:*

    Reyes Ivan Espinoza petitions this court for review of the
Board of Immigration Appeals' ("BIA") decision affirming, without
opinion, the Immigration Judge's ("IJ") order denying his
application for cancellation of removal pursuant to 8 U.S.C.
§ 1229b(b). Espinoza challenges as "arbitrary and irrational"
the IJ's determination that he had failed to establish either the
statutory requirement of 10 years of continuous physical presence
in the United States or that his four children would suffer

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"exceptional and extremely unusual hardship" if the family were removed to Mexico.

Because this case involves the granting of relief under 8 U.S.C. § 1229b(b), the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)(i) is implicated.  See Garcia-Melendez v. Ashcroft, 351 F.3d 657, 661 (5th Cir. 2003).  The jurisdiction-stripping provision eliminates jurisdiction over those decisions that involve the exercise of discretion.  Mireles-Valdez v. Ashcroft, 349 F.3d 213, 216 (5th Cir. 2003).  The IJ's determination that Espinoza's children would not suffer an "exceptional and extremely unusual hardship" if Espinoza were deported to Mexico involved the exercise of discretion.  Rueda v. Ashcroft, ___ F.3d ___ (5th Cir. Aug. 5, 2004, No. 03-60730), 2004 WL 1747388 at *1.  Therefore, this court lacks jurisdiction to review the IJ's determination on hardship, and Espinoza's petition is DISMISSED.