United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60170
Summary Calendar
_____

ROBERT OKELLO OYWELLO, JULIET IGA OYWELLO

Petitioners

v.

ALBERTO R GONZALES, US ATTORNEY GENERAL

Respondent

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 905 967
BIA No. A75 374 249
---------------------

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Okello Oywello ("Robert") and Juliet Iga Oywello ("Juliet"), citizens of Uganda, petition this court to review the decision of the Board of Immigration Appeals (BIA) affirming the denial of Juliet's application for asylum and withholding of removal. Robert, Juliet's husband, was included as an ancillary beneficiary to her asylum application. Robert also filed a separate application for cancellation of removal, which was denied by the immigration judge ("IJ") and affirmed by the BIA.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Juliet argues that she testified credibly regarding "severe and atrocious past persecution" in Uganda. She further argues that her credible testimony established that she is unwilling to return to Uganda due to a well-founded fear of future persecution. The IJ's finding that Juliet was not credible is a reasonable interpretation of the record and therefore supported by substantial evidence. See Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994). Furthermore, the IJ's determination that, due to changed country conditions, Juliet does not have a well-founded fear of future persecution due to her human rights activities is also supported by substantial evidence. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). Because the IJ found correctly that Juliet failed to make the requisite showing for asylum, he also was correct in finding that she could not meet the more stringent standard for proving her eligibility for withholding of removal. See Girma v. INS, 283 F.3d 664, 666-67 (5th Cir. 2002).

Juliet has failed to exhaust her administrative remedies with respect to her Convention Against Torture ("CAT") claim. She also has failed to exhaust her administrative remedies with respect to her claim that the BIA abused its discretion in not considering "the likelihood of torture and hardship" on her 22-month-old United States citizen child for purposes of asylum, withholding of removal, and protection under the CAT. Thus, this court lacks jurisdiction to review the claims. See 8 U.S.C.

§ 1252(d)(1); <u>Wang v. Ashcroft</u>, 260 F.3d 448, 452-53 (5th Cir. 2001).

Robert challenges the IJ's determination that he failed to meet the hardship requirement for cancellation of removal. However, this court does not have jurisdiction to review the IJ's discretionary determination, in rejecting Robert's application for cancellation of removal, that Robert had not shown that his 22 month old United States citizen son would suffer an "exceptional and extremely unusual hardship."  See <u>Rueda v. Ashcroft</u>, 380 F.3d 831, 831 (5th Cir. 2004); 8 U.S.C. § 1252(a)(2)(B)(i).

Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART FOR LACK OF JURISDICTION.