United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60284
Summary Calendar

CESAR MATTO,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 131 579
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cesar Matto seeks review of the decision of the Board of
Immigration Appeals ("BIA") affirming and dismissing his appeal
from the immigration judge's ("IJ") decision finding him
removable and denying his application for cancellation of
removal, and the BIA's denial of his motion for reconsideration.
This court reviews the order of the BIA and will consider the
underlying decision of the IJ only if it influenced the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination of the BIA.  Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

Matto, who admitted that he was removable, sought cancellation of removal, arguing that his removal would create a hardship for his daughter, who was born in the United States and lives in Peru.  Matto provides financial support for his daughter, who attends a private school and has abnormalities of the hands and feet.  The BIA determined that Matto had not shown, either through evidence presented in the immigration court, or through evidence presented in his motion for reconsideration, that his removal "would result in exceptional and extremely unusual hardship" to his daughter.  8 U.S.C. § 1229b(b).

Matto contends that the IJ and the BIA did not correctly apply the statutory provision governing the hardship determination.  He argues that the IJ and the BIA failed to place sufficient weight on his testimony regarding his daughter's medical condition and his payment for his daughter's medical treatment.

We do not have jurisdiction to review the IJ's discretionary determination, in rejecting Matto's application for cancellation of removal, that Matto had not shown that his daughter would suffer an "exceptional and extremely unusual hardship."  See Rueda v. Ashcroft, 380 F.3d 831, 831 (5th Cir. 2004); 8 U.S.C. § 1252(a)(2)(B)(i).  Accordingly, Matto's petition for review is DISMISSED IN PART.

Matto also contends that the his substantive due process rights were violated by what he maintains was an abuse of discretion on the part of the IJ and the BIA in failing to consider all the facts bearing on the hardship determination and failing to articulate the reasons for denying relief. Substantive due process "prevents the government from engaging in conduct that 'shocks the conscience,' or interferes with rights 'implicit in the concept of ordered liberty.'" United States v. Salerno, 481 U.S. 739, 746 (1987)(citations omitted).

The BIA is not required to address evidentiary minutiae or write a lengthy exegesis. See Abdel-Masieh v. U.S. INS, 73 F.3d 579, 585 (5th Cir. 1996). Here, the BIA's decision "reflect[s] meaningful consideration of the relevant substantial evidence supporting the alien's claims," and therefore is sufficient. See id. Matto has not shown that the BIA's decision to deny his application for cancellation of removal violated his right to substantive due process. See Salerno, 481 U.S. at 746. Accordingly, his petition for review is DENIED IN PART.

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.