United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 05-60360
Summary Calendar
_____

ABIODUN ALUKO,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

-----------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 226 343
-----------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Abiodun Aluko seeks review of the decision of the Board of Immigration Appeals (BIA)

adopting and affirming the decision of the immigration judge (IJ) and dismissing his appeal. The IJ

denied Aluko's application for cancellation of removal because Aluko had not shown that his removal

would result in "exceptional and extremely unusual hardship" to his family. See 8 U.S.C. § 1229b(b).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

-1-

This court reviews the order of the BIA and will consider the underlying decision of the IJ only if it influenced the determination of the BIA. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

Aluko argues that the IJ erred by making an unqualified medical judgment on the seriousness of his son's breathing difficulties. He argues that the IJ's decision on this issue was not discretionary and may therefore be reviewed by this court despite the jurisdiction stripping provisions of 8 U.S.C. § 1252(a)(2)(B). Aluko is essentially challenging the weight the IJ, in his discretion, accorded the evidence of Aluko's son's health in holding that Aluko's family would not suffer an "exceptional and extremely unusual hardship." *See* 8 U.S.C. § 1252(a)(2)(B)(i). We lack jurisdiction to review such discretionary determinations. *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). Accordingly, Aluko's petition for review is DISMISSED IN PART.

Aluko also contends that by deciding his case without oral argument and not proffering a reason for denying his request for oral argument, the BIA violated his due process rights. Aluko has not shown any constitutional right to appeal, much less to oral argument. As he acknowledges, the decision whether to grant oral argument is within the BIA's discretion. 8 C.F.R. § 1003.1(e)(7).

Finally, Aluko argues that the BIA violated his rights under the Equal Protection Clause by summarily affirming the decision of the IJ. Aluko is incorrect in his assertion that the BIA employed its summary affirmance procedure to affirm the result reached by the IJ. *See* 8 C.F.R. § 1003.1(e)(4)("Affirmance without opinion"). Instead, the BIA adopted and affirmed the IJ's decision and added a discussion of the new evidence submitted by Aluko. This court has upheld that procedure. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.