**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 20, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-61169
Summary Calendar

CARLOS JOSUE ALVAREZ; IVONNE ESPINOZA FLORES,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A78 568 295
A78 568 296
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ivonne Espinoza-Flores (Espinoza), a native and citizen of
Mexico, and Carlos Josue-Alvarez (Josue), Espinoza's spouse and a
native and citizen of Guatemala appeal the reversal by the Board
of Immigration Appeals (BIA) of an immigration judge's grant of
cancellation of removal.  The BIA denied Espinoza's and Josue's
applications for cancellation of removal because they had not
shown that their removal would result in "exceptional and
extremely unusual hardship" to their children.  See 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1229b(b). This court lacks jurisdiction to review the Attorney General's discretionary decision regarding cancellation of removal. See Rueda v. Ashcroft, 380 F.3d 831, 831 (5th Cir. 2004); 8 U.S.C. § 1229b(b); 8 U.S.C. § 1252(a)(2)(B)(i). The petition for review is dismissed.

Espinoza and Josue argue that the BIA engaged in impermissible fact-finding in reaching its decision. They vaguely state that the BIA should not have assumed the existence of evidence to their detriment "such as a visa to Mexico or Guatemala."

The REAL ID Act authorizes courts to consider "constitutional claims or questions of law" raised in a petition for review. See § 1252(a)(2)(D). To the extent that the claim raises a question of law, this court has jurisdiction to review it. See id.

Pursuant to 8 C.F.R. § 1003.1(d)(3)(i), the BIA may "not engage in de novo review of findings of fact determined by an immigration judge." Id. The record does not reflect, however, that the BIA made factual findings different from those of the IJ and Espinoza and Josue fail to clearly identify such facts. Accordingly, the petition for review is denied.

DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.