**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 29, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-61093
Summary Calendar

---

NOOR ALI BARKAT,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 781 945

---

Before GARWOOD, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Noor Ali Barkat, a citizen of Pakistan, petitions this court
for review of an order denying his applications for asylum,
withholding of removal under the Immigration and Nationality Act
(INA), withholding of removal under the Convention Against Torture
(CAT), and cancellation of removal. The Board of Immigration
Appeals (BIA) adopted and affirmed the denial of relief by the

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immigration judge (IJ).  As Barkat has not challenged the denial of his application for asylum, he has abandoned that issue.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (issue not briefed by petitioner is deemed abandoned).

Barkat argues that: (1) the IJ's denial of his request for a continuance was an abuse of discretion because Barkat had a pending labor certification request; (2) the IJ's denial of his request for a continuance and the enforcement of the National Security Entry/Exit Registration System (NSEERS) violated Barkat's equal protection and due process rights; (3) the IJ's denial of Barkat's request for cancellation of removal was erroneous; (4) the IJ's denial of Barkat's request for withholding of removal was erroneous; and (5) the IJ erred by failing to conduct a hearing regarding his motion for a continuance and by striking his witness list.

Barkat's challenge to the denial of his motion for a continuance based upon 8 U.S.C. § 1255(i) and his constitutional rights are foreclosed under *Ahmed v. Gonzales*, 447 F.3d 433, 437-40 (5th Cir. 2006).  Because Barkat's challenge to the denial of his application for cancellation of removal solely implicates the exercise of discretion under 8 U.S.C. § 1229b, this court lacks jurisdiction to consider this issue.  *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004).  The assertions contained in Barkat's testimony were not sufficiently compelling to warrant overturning

the BIA's decision denying withholding of removal under either the INA or the CAT. *See Bah v. Ashcroft*, 341 F.3d 348, 352 (5th Cir. 2003); *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Barkat has also failed to show that the IJ violated the local rules when denying his motion for a continuance and striking his witness list. Moreover, Barkat's due process challenge regarding the striking of his witness list fails because he never made any proffer as to any of the testimony of any listed witness and has not otherwise made any initial showing of substantial prejudice. *See Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997).

Barkat's petition for review is DENIED.