United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60548
Summary Calendar
_____

JUANA HORNBURG,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 128 445
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Juana Medina Hornburg appeals the denial of her application for cancellation of removal pursuant to 8 U.S.C. § 1229b. The immigration judge (IJ) determined that Hornburg had not made the requisite showing that her United States citizen daughter would suffer "exceptional and extremely unusual hardship." See § 1229b(b)(1)(D). A single member of the Board of Immigration Appeals (BIA) affirmed the IJ's opinion, thereby making the IJ's decision the final agency determination. See 8 C.F.R. § 1003.1

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(e)(4).

Where the BIA affirms the IJ decision without opinion, this court reviews the IJ's decision. See Soadjede v. Ashcroft, 324 F.3d 830, 831-32 (5th Cir. 2003). To the extent that Hornburg challenges the IJ's discretionary determination that she had not made the requisite showing under § 1229b(b)(1)(D), this court is without jurisdiction to hear her petition. 8 U.S.C. § 1252(a)(2)(B)(i), (ii); Rueda v. Ashcroft, 380 F.3d 831, 831 (5th Cir. 2004).

Hornburg also challenges the BIA's application of its summary affirmance procedures to her case, arguing that the procedure violated her due process rights and that her appeal did not satisfy the requirements for employing that procedure enumerated in § 1003.1(e)(4), (e)(6). This court has previously held the BIA's summary affirmance procedures constitutional. Soadjede, 324 F.3d at 832-33. The IJ's decision met the criteria for summary affirmance pursuant to § 1003.1(e).

Accordingly, the petition is DISMISSED in part for lack of jurisdiction and DENIED in part.