# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-60760
Summary Calendar

SALAH AHMAD NAJJAR

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 815 810

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Salah Ahmad Najjar has filed a petition for review of a final order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b). Najjar argues that, in determining that he did not establish the requisite "exceptional and extremely unusual hardship," the IJ failed to consider the hardship factors in the aggregate and their cumulative effect. Although this is couched as a legal question, Najjar is asking this court to review the IJ's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hardship determination. We lack jurisdiction to do so. See 8 U.S.C. § 1252(a)(2)(B)(i); Rueda v. Ashcroft, 380 F.3d 831, 831 (5th Cir. 2004). We dismiss the petition to the extent that it seeks review from the BIA's discretionary decision to deny cancellation of removal.

Najjar argues that the IJ acted contrary to law by questioning whether his stepchildren are qualifying relatives for cancellation purposes; that the IJ denied his Fifth Amendment due process right to a fair hearing by questioning his good moral character and erred in finding marital fraud; and that the differential treatment of Arabs in immigration courts violates the Equal Protection Clause.

Because Najjar was denied cancellation of removal because he failed to establish the hardship requirement, we do not address whether the IJ erred in questioning whether Najjar met the other requirements. Najjar's due process and equal protection claims are unavailing. See Mireles-Valdez v. Ashcroft, 349 F.3d 213, 219 (5th Cir. 2003); Ahmed v. Gonzales, 447 F.3d 433, 439 (5th Cir. 2006). The petition is denied as to these claims.

PETITION DISMISSED IN PART, DENIED IN PART.