# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-60356
Summary Calendar

ANDRES DE LIRA-SAUCEDO; MARIA DELORES DE LIRA-ROJAS

Petitioners

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A93 471 970
BIA No. A93 471 972

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mexican citizens Andres De Lira-Saucedo and Maria Delores De Lira-Rojas seek review of the decision of the Board of Immigration Appeals (BIA) denying their motion to remand and affirming the denial of their application for cancellation of removal based on alleged hardship to their children, who are United States citizens. The Petitioners argue that the BIA erred because counsel rendered ineffective assistance by failing to establish the requisite level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of hardship, including their claim that their youngest child's medical condition requires yearly follow up at a medical facility in California. The Petitioners also argue that counsel rendered ineffective assistance by failing to seek a change of venue, which would have enabled them to present medical evidence concerning their daughter's medical condition. The Petitioners rely upon precedent in which this court has assumed, without deciding, that an alien's claim of ineffective assistance may implicate due process concerns under the Fifth Amendment. *See Mai v. Gonzales,* 473 F.3d 162, 165 (5th Cir. 2006); *Assaad v. Ashcroft*, 378 F.3d 471, 475-76 and n.2 (5th Cir. 2004).

This court does not have jurisdiction to review the underlying order denying relief because the determination that the Petitioners did not qualify for relief from removal under the hardship provisions of 8 U.S.C. § 1229b(b)(1)(D) was a discretionary determination. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). Because the Petitioners' claims of attorney ineffectiveness relate solely to the denial of discretionary relief, their claims do not amount to a due process violation. *Assaad*, 378 F.3d at 474-76.

In light of the foregoing, the petition for review is DISMISSED.