# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-60283
Summary Calendar

JOSE ANTONIO RAMIREZ, also known as Jose Antonio Ramirez-Bonilla

Petitioner

v.

ERIC HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 703 717

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Ramirez petitions for review of a final order of removal of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the Immigration Judge (IJ) denying his application for cancellation of removal. The IJ and the BIA determined that Ramirez did not establish a well-founded fear required for his asylum claim or "exceptional and extremely unusual hardship" required for cancellation of removal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ramirez argues that the IJ abused his discretion by failing to consider the cumulative effects of all relevant factors in determining whether he demonstrated "exceptional and extremely unusual hardship" to qualifying relatives.  He also argues that the BIA abused its discretion by dismissing his appeal.  Ramirez argues that the IJ and the BIA did not give proper weight and consideration to the fact that he is from El Salvador and has Temporary Protected Status (TPS).

We lack jurisdiction to consider the BIA's discretionary determination that Ramirez failed to demonstrate exceptional and unusual hardship.  8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007); *Rueda v. Ashcroft*, 380 F.3d 831 (5th Cir. 2004).  The jurisdiction-stripping provision of § 1252 does not preclude review of constitutional claims and questions of law. § 1252(a)(2)(D); *Sung*, 505 F.3d at 377.  Ramirez did not make any arguments in his original brief raising a colorable constitutional claim or a question of law which we would have jurisdiction to review.

In his reply brief, Ramirez argues that the IJ and the BIA erred as a matter of law and violated his due process rights by not considering his TPS in his application for cancellation of removal and by not administratively closing the removal hearing when informed of his pending TPS application.  Ramirez's argument that the IJ and the BIA did not consider his TPS is nothing more than a disagreement with the weighing of the factors that go into the discretionary hardship determination.

Because Ramirez raised this due process argument for the first time in his reply brief, we will not consider it.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Even if we were to consider it, Ramirez did not raise the due process argument concerning administrative closure of his removal proceeding before the BIA.  This issue raises a procedural error that could have been corrected by the BIA.  *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir. 2001).  Thus, Ramirez has not exhausted his administrative remedies, and we do not have

2

jurisdiction to consider this ground. *See* § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). Because we lack jurisdiction to review the final order of removal, the petition for review is dismissed. *See Alwan v. Ashcroft*, 388 F.3d 507, 515 (5th Cir. 2004).

DISMISSED.