# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 23, 2010

Lyle W. Cayce
Clerk

No. 09-60595
Summary Calendar

FERDINAND NIDAVIS NWOKEDI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078-130-347

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Ferdinand Nidavis Nwokedi, a native and citizen of Nigeria, has filed a petition for review of the Board of Immigration Appeals (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) denial of his request for a continuance and cancellation of removal and grant of voluntary departure. Nwokedi asserts that the IJ erred by denying his motion to continue. Nwokedi, however, does not brief any argument regarding the BIA's determination that he failed to show good cause for a continuance. He also does not address the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BIA's determination that he failed to show that the denial of his motion to continue violated any of his statutory or regulatory rights or that his hearing was unfair. Nwokedi's conclusional statement on appeal about the denial of his motion to continue is insufficient to preserve the issue for review. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Nwokedi, who is represented by counsel, is not entitled to a liberal construction of his arguments. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se briefs must be liberally construed). Because Nwokedi's counsel failed to sufficiently argue whether the motion to continue was improperly denied, the issue is abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (arguments not briefed on appeal are deemed abandoned).

Nwokedi's appeal also conclusionally states that he qualifies and is entitled to cancellation of removal. The IJ found that Nwokedi was not entitled to cancellation of removal because he could not prove the ten year continuous presence requirement or the exceptional and extremely unusual hardship requirement. Nwokedi fails to identify and brief any arguments challenging these reasons for the denial of relief. Thus, these issues are deemed abandoned. *Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748. Furthermore, even if Nwokedi's challenge to the denial of cancellation of removal was not abandoned, under 8 U.S.C. § 1252(a)(2)(B)(i), this court does not have jurisdiction to review any judgment regarding the granting or denying of discretionary relief in the form of cancellation of removal. *See Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004).

Nwokedi's appeal is DISMISSED. His motion to stay his removal is DENIED as MOOT.