Abraham David **TUFINO CASTILLO**, Petitioner,

v.

Eric H. **HOLDER**, Jr., U.S. Attorney General, Respondent.

No. 10–60085

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 11, 2010.

Jose William Vega, Esq., Law Office of Jose W. Vega, Houston, TX, for Petitioner.

Tangerlia Cox, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Abraham Tufino Castillo petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the denial of his petition for cancellation of removal brought under 8 U.S.C. § 1229b. Tufino Castillo argues, for the first time in this petition, that the immigration judge ("IJ") violated his right to due process by not affording him a fair hearing in support of his application for cancellation.

"A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To satisfy the exhaustion requirement of § 1252(b)(1), a petitioner must fairly present an issue to the BIA. *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir.2010). Although claims of due process violations are generally not subject to the exhaustion requirement, exhaustion is required for claims of procedural errors that the BIA has adequate mechanisms to address and remedy. *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir.2004). In such cases, it is irrelevant that the alleged procedural error is couched in terms of a due process violation. *Id.*

Because Tufino Castillo's argument that the IJ failed to conduct a fair and accurate hearing could have been addressed and remedied by the BIA, it is subject to the exhaustion requirement. *See id.* Accordingly, this court lacks jurisdiction to consider the issue. Further, to the extent that Tufino Castillo challenges the BIA's determination that he was not eligible for cancellation of removal, this court lacks subject matter jurisdiction to review that discretionary decision. *See Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir.2004).

The petition for review is DISMISSED for want of jurisdiction.