# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2011

No. 10-60228
Summary Calendar

Lyle W. Cayce
Clerk

KUFFOUR OSEI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A042 471 080

Before HIGGINBOTHAM, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kuffour Osei, a native and citizen of Ghana, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his request for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act, in conjunction with his application for adjustment of status. The parties agree that the relevant issue is when Osei agreed to plead guilty to a 1996 state charge of credit card abuse. If a plea agreement was "made" before April 24, 1996, then Osei would be

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60228

eligible for relief under former § 212(c); if a plea agreement was made on a later date, then he would not be eligible for relief.

Because Osei is removable based on a prior firearm conviction, we lack jurisdiction to consider the BIA's determination that Osei is ineligible for a waiver of inadmissibility. *See* 8 U.S.C. § 1252(a)(2)(C). Although this provision does not preclude review of constitutional claims and questions of law, *see* § 1252(a)(2)(D), we find that Osei has not made any arguments in his brief raising a colorable constitutional claim or a question of law.

Accordingly, Osei's petition for review is DISMISSED.