# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 2, 2012

No. 11-60556
Summary Calendar

Lyle W. Cayce
Clerk

ISRAEL MATA-LOZANO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A071 514 743

Before KING, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Israel Mata-Lozano (Mata), a citizen and native of Mexico, petitions this
court for review of an order of the Board of Immigration Appeals (BIA)
dismissing his appeal from the immigration judge's discretionary denial of his
application for cancellation of removal.  He argues that the IJ and BIA violated
regulations and precedent in their discretionary denial of relief by failing to
consider favorable factors and by creating, mischaracterizing, and giving undue
weight to unfavorable factors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-60556

We lack jurisdiction to consider the BIA's discretionary determination that Mata was not entitled to cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). Despite this jurisdictional limitation, we may review "constitutional claims or questions of law." § 1252(a)(2)(D). Although Mata phrases his arguments as questions of law, the essence of his arguments is that the IJ and BIA improperly considered and weighed favorable and unfavorable factors in making the discretionary decision to deny cancellation of removal. Accordingly, his assertions do not raise constitutional issues or questions of law, and we lack jurisdiction to review his petition. *See Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007); *Hadwani v. Gonzales*, 445 F.3d 798, 800-01 (5th Cir. 2006). Because we lack jurisdiction to review the final order of removal, the petition for review is dismissed. *See Rueda*, 380 F.3d at 831.

DISMISSED.