# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2012

No. 11-60710
Summary Calendar

Lyle W. Cayce
Clerk

JOSE LARA-CASTILLO, also known as Jose Joel Lara-Castillo,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 842 017

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Lara-Castillo, a native and citizen of Mexico, petitions this court for review of an order from the Board of Immigration Appeals (BIA) ordering him removed and dismissing his appeal from Immigration Judge's (IJ's) denial of his applications for asylum, withholding of removal, and cancellation of removal. Lara-Castillo argues that the IJ and the BIA erred in denying his application for cancellation of removal because he established that his removal would result in exceptional and extremely unusual hardship to his United States citizen

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

children, who face kidnaping for extortion purposes if forced to accompany him to Mexico.    However, because Lara-Castillo's claim does not involve a constitutional claim or a question of law, this court lacks jurisdiction to review the IJ's discretionary determination, as affirmed by the BIA, that Lara-Castillo failed to show the requisite "exceptional and extremely unusual hardship" to his two United States citizen children.    INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); *see Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004).    Lara-Castillo's petition for review is therefore dismissed insofar as it challenges the agency's discretionary denial of cancellation of removal.

Lara-Castillo argues that the BIA and the IJ erred as a matter of law in denying his applications for asylum and withholding of removal because, as a Mexican parent of two United States citizen children who face kidnaping and extortion by criminals or gang members, he fears persecution on account of his membership in a particular social group.    He characterizes his group as "Mexican parents of United States citizen children who face abduction and extortion because of their nationality."

To qualify for asylum and withholding of removal, a petitioner must establish persecution or a well-founded fear of persecution in his country, by the government or a person or group that the government is unable or unwilling to control, on the basis of any of five categories of which membership in a particular social group is one.    8 U.S.C. § 1101(a)(42)(A).    Members of a particular social group "share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006) (internal quotation marks omitted).    However, absent a nexus between the social group and the claimed persecution, Lara-Castillo cannot establish eligibility for asylum and withholding of removal. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 348-50 (5th Cir. 2006).

2

No. 11-60710

Lara-Castillo testified before the IJ that the gangs' motivation for extortion or theft is a desire for money, not a desire to punish or target him for membership in his social group. There is no evidence to suggest that gangs or other criminals would target him because his children are United States citizens. Actions based on a desire for money are not connected to persecution based on a protected category. *See Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). Even if Lara-Castillo had established his membership in a cognizable social group, no reasonable factfinder would be compelled to conclude that he established a well-founded fear of future persecution on account of his purported membership in that group. Thus, even if he is a member of a particular social group defined as parents of United States citizen children, Lara-Castillo has not shown that he would be harmed because of the shared characteristic that establishes his membership in that group, i.e., because his children are United States citizens. The harm he fears -- criminal violence based on financial motives -- is not a basis for relief. *See Shaikh*, 588 F.3d at 864. Lara-Castillo's petition for review of the denial of his asylum and withholding of removal applications is denied.

Lara-Castillo asks this court to remand his case to the IJ for consideration of new evidence of hardship to his children, as they will suffer greater hardship now that they are older. He also seeks consideration of new evidence of the "marked deteriorations in the violent country conditions of Mexico." The new evidence he seeks to present is cumulative of earlier evidence of violent country conditions in Mexico and fails to demonstrate that any acts of violence or extortion that might befall Lara-Castillo and his children would amount to persecution on account of a protected ground. Lara-Castillo's request for a remand is denied.

PETITION DISMISSED IN PART AND DENIED IN PART; REQUEST FOR REMAND DENIED.