# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2018

Lyle W. Cayce
Clerk

No. 17-60671
Summary Calendar

ADRIAN HARPER,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A027 517 587

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Adrian Harper, a native and citizen of Jamaica, petitions this court for review of the decision by the Board of Immigration Appeals (BIA) that a favorable exercise of discretion on Harper's request for cancellation of removal under 8 U.S.C. § 1229b(a) was not warranted. Harper argues that, in exercising its discretion, the BIA made erroneous findings concerning his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60671

criminal history and failed to consider that he has filed a postconviction challenge to his Texas conviction for evading arrest with a vehicle.

Because Harper sought cancellation of removal under § 1229b, the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B) is implicated. *See Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). That section provides that "no court shall have jurisdiction to review-- (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title." § 1252(a)(2)(B)(i). The BIA concluded that, under the facts of this case, Harper did "not merit a favorable exercise of discretion." This court has no jurisdiction to review that purely discretionary decision. *See* § 1252(a)(2)(B)(i); *Delgado-Reynua v. Gonzales*, 450 F.3d 596, 599-600 (5th Cir. 2006); *Rueda*, 380 F.3d at 831.

Section 1252(a)(2)(B)'s jurisdictional bar is subject to § 1252(a)(2)(D), which provides that "nothing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." Harper argues that this court has jurisdiction because his procedural due process rights were violated when the Department of Homeland Security (DHS) failed to serve him with its appeal brief. The record makes clear that Harper received DHS's appeal brief, he filed a response to it, and the BIA considered his response. He fails to state a cognizable due process claim. *See Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006).

Accordingly, Harper's petition for review is DISMISSED. His motion for appointment of counsel is DENIED.