# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60102
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2019

Lyle W. Cayce
Clerk

JORGE CORONA SALANO, also known as Jorge Corona, also known as Jorge Armando Corona-Salano,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A216 445 382

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:*

Jorge Corona Salano, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) vacating a grant of cancellation of removal by an Immigration Judge (IJ), denying cancellation, and ordering Corona Salano removed.  He argues that the BIA legally erred by

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

engaging in impermissible fact finding instead of reviewing the IJ's factual findings for clear error.

We review our subject matter jurisdiction de novo. *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 660 (5th Cir. 2003). Because Corona Salano sought cancellation of removal under 8 U.S.C. § 1229b, his petition for review implicates the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B). *See Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). Section 1252(a)(2)(B)'s jurisdictional bar applies to decisions that involve the exercise of discretion, including the "exceptional and extremely unusual hardship" determination of § 1229b(b)(1)(D). *See Rueda*, 380 F.3d at 831. Therefore, to the extent that Corona Salano requests review of the BIA's discretionary decision that he failed to show exceptional and extremely unusual hardship, we lack jurisdiction to consider his petition for review. *See* § 1252(a)(2)(B)(i); *Rueda*, 380 F.3d at 831.

Even if Corona Salano's argument can be construed as purely legal under § 1252(a)(2)(D), we lack jurisdiction to consider an issue when a petitioner has failed to exhaust administrative remedies by raising the issue in the first instance before the BIA. *See* § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). "[W]here the BIA's decision itself results in a new issue and the BIA has an available and adequate means for addressing that issue, a party must first bring it to the BIA's attention through a motion for reconsideration." *Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009). Corona Salano's argument contests the BIA's "act of decisionmaking," but he did not file a motion for reconsideration of the BIA's decision. *Id.* at 320. Therefore, he failed to exhaust the issue, and we lack jurisdiction to consider his petition for review. *See* § 1252(d)(1); *Omari*, 562 F.3d at 320–21.

No. 19-60102

Based on the foregoing, Corona Salano's petition for review is DISMISSED for lack of jurisdiction.