# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 2, 2020

Lyle W. Cayce
Clerk

No. 19-60491
Summary Calendar

JUANA ORESTILA MARTINEZ-BULNES, *also known as* JUANA MARTINEZ, *also known as* LUZ DELIA DIAZ-CARTAGENA, *also known as* LUZ DELIA DIAZ, *also known as* LUZ DIAZ BODDEN, *also known as* JUANA O. MARTINEZ, *also known as* JUANA ORESTILA BULNES-MARTINEZ, *also known as* JUANA ORESTILA MARTINEZ,

*Petitioner*,

*versus*

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 550 125

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-60491

Juana Orestila Martinez-Bulnes is a native and citizen of Honduras who petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an order of the Immigration Judge (IJ) concluding that she was ineligible for cancellation of removal and ordering her removed. Through counsel, she primarily argues that the IJ erred in determining that she was ineligible for cancellation of removal based on her failure to maintain the requisite continuous presence in the United States, and she complains that the BIA erred when it affirmed the IJ's denial of relief on discretionary hardship grounds without addressing the IJ's alternative finding regarding presence, which she urges was legally erroneous and negatively affected the hardship determination.

Under 8 U.S.C. § 1229b(b)(1), an alien is eligible for cancellation of removal if she shows, among other things, that she maintained a continuous presence in the United States for the preceding 10 years and that her removal will cause "exceptional and extremely unusual hardship" for, inter alia, her United States citizen spouse or child. "[N]o court shall have jurisdiction to review—(i) any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i). However, this court retains jurisdiction to review constitutional claims and questions of law raised in a petition for review of the denial of § 1229b relief. § 1252(a)(2)(D); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007).

Martinez-Bulnes's request for cancellation of removal was ultimately denied on the sole ground that she failed to demonstrate the requisite exceptional hardship. She briefs no legal or constitutional claims challenging that determination. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Her attempt to circumvent the jurisdictional bar by raising a legal challenge to the unrelated, alternative finding by the IJ that she also failed to show the requisite continuous presence is unavailing. *See* § 1229b(b)(1). Because the sole basis for the BIA's dismissal of the appeal was the

2

No. 19-60491

discretionary determination that Martinez-Bulnes failed to demonstrate the requisite extraordinary hardship and because she raises no claim of legal or constitutional error in connection with that determination, her petition for review must be dismissed for lack of jurisdiction. *See Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004).

DISMISSED.