# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2021

Lyle W. Cayce
Clerk

No. 19-60516

Luis Aldo Pazos-Toledano,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 826 168

Before Jones, Southwick, and Costa, *Circuit Judges*.
Per Curiam:*

Luis Aldo Pazos-Toledano is a native and citizen of Mexico. He petitions for review of an order of the Board of Immigration Appeals ("BIA"), which dismissed his appeal from an Immigration Judge's ("IJ's") denial of relief. The BIA also denied his motion to remand. We DENY the petition in part and DISMISS in part.

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60516

## FACTUAL AND PROCEDURAL BACKGROUND

On October 31, 2016, the Department of Homeland Security served Pazos-Toledano with a notice to appear, charging that he was removable as an alien present in the United States without being admitted or paroled. When Pazos-Toledano appeared before the IJ with counsel, he conceded that he was removable as charged. He then applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

On July 17, 2017, the IJ conducted a merits hearing. After Pazos-Toledano testified, his lawyer withdrew a request to have Pazos-Toledano's then-current wife testify. None of Pazos-Toledano's three children testified or provided letters in support of their father. The Government stipulated to Pazos-Toledano's good moral character during the relevant time period and to the fact that he had not committed any crime that would prevent cancellation of removal.

That left only two factors for the IJ to consider in the cancellation-of-removal determination: (1) whether Pazos-Toledano "ha[d] been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application" and (2) whether Pazos-Toledano "establishe[d] that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States."  8 U.S.C. § 1229b(b)(1)(A), (D).

The IJ denied Pazos-Toledano's application for cancellation of removal on August 7, 2019. The IJ based the decision only on Pazos-Toledano's failure to present sufficiently credible evidence of 10 years of continuous physical presence in the United States. The IJ declined to make an adverse-credibility finding but determined that, due to numerous discrepancies in the record, Pazos-Toledano's testimony was not enough to carry his burden of proof. The IJ further determined that Pazos-Toledano

did not sufficiently corroborate his testimony to carry his burden of proving 10 years of continuous physical presence. Considering the record and testimony, the IJ found that physical presence in the United States was established only in 2007, 2009, 2010, and 2016.

Pazos-Toledano appealed the IJ's decision to the BIA. He also attached new evidence to the appeal, which the BIA construed as a motion to remand. The new evidence included bank and tax records. The BIA denied the motion to remand and dismissed the appeal.

The BIA stated that it would review findings of fact for clear error and questions of law, discretion, or judgment *de novo*. When considering Pazos-Toledano's argument that his testimony must be accepted as true because the IJ did not make an adverse-credibility finding, the BIA found that the IJ's fact finding was not "clearly erroneous." The BIA relied on the IJ's findings of discrepancies in Pazos-Toledano's testimony and the IJ's faulting Pazos-Toledano for failing to offer available corroborating evidence. When denying the motion to remand, the BIA found that Pazos-Toledano had not sufficiently demonstrated that the new documents submitted on appeal were not available to be submitted at his merits hearing. Pazos-Toledano then filed a timely petition for review with this court.

## DISCUSSION

This court reviews only the final decision of the BIA. *Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016). We will consider the IJ's decision only where it influenced the determination of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Factual findings of the IJ and the BIA are reviewed for substantial evidence and legal questions are examined *de novo*. *Id.* at 594.

No. 19-60516

Because Pazos-Toledano's appeal is from a discretionary denial of cancellation of removal under 8 U.S.C. § 1229b, our review is even more limited, as we cannot review decisions that involve the exercise of discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). Not all considerations under Section 1229b, though, are discretionary. *See Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 216–17 (5th Cir. 2003). The continuous-physical-presence requirement is one of the nondiscretionary determinations that we can review. *Id.* at 217.

We cannot consider two of Pazos-Toledano's arguments due to his failure to exhaust them. First, he argues that the different wording on the form for asylum and the one for cancellation of removal creates different standards for corroboration.[1] Because that argument was not presented to the BIA, we cannot consider it. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). Second, Pazos-Toledano argues that Section 1229a(c)(4)(B) does not allow the IJ to find his testimony unpersuasive due to a lack of corroborating evidence without following the procedures that the BIA established in *Matter of L-A-C-*, 26 I & N 516 (BIA 2015). In his appeal to the BIA, Pazos-Toledano did not argue that the IJ failed to follow those procedures, and we do not interpret his briefing to the BIA to exhaust that argument. We thus do not have jurisdiction to consider whether the IJ failed to follow any particular procedural guidance. *See Omari*, 562 F.3d at 318.

We now analyze whether the BIA erred in its review. Pazos-Toledano argues that the BIA should have reviewed *de novo* the IJ's fact finding. The

---

[1] Pazos-Toledano argues that the asylum form indicates that supporting documentation *must* be presented, whereas the cancellation-of-removal form says that supporting documentation *should* be presented.

Government responds that Pazos-Toledano is simply trying to hide a factual determination in a legal cloak.[2]

The BIA stated that "[t]he Immigration Judge's fact finding in evaluating the respondent's testimony [was] not clearly erroneous." It then reviewed the factual determinations made by the IJ, including both the inconsistencies that the IJ identified and the lack of supporting evidence. Thus, the BIA was reviewing the IJ's factual findings, and "clearly erroneous" was the proper standard to apply to that review.

The BIA also upheld the IJ's finding that Pazos-Toledano should have provided reasonably available factual corroboration. It is true that the testimony of an applicant may suffice to carry his burden of proof without corroboration. 8 U.S.C. § 1229a(c)(4)(B). Nonetheless, if the IJ determines that corroborating evidence is needed, the applicant must have provided the evidence or shown that he could not reasonably obtain such evidence. *Id.* "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence, as described in section . . . 1229a(c)(4)(B) . . . of this title, unless the court finds, pursuant to subsection (b)(4)(B), that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." § 1252(b)(4). The record in this case does not compel that conclusion.

Pazos-Toledano also argues that the BIA erred by ignoring his argument that "absent any contrary evidence, direct or circumstantial, his credible testimony . . . should have sufficed to carry his burden of proving [10] years [of] continuous physical presence" in the United States. Pazos-Toledano presented in his briefing to the BIA that he believed his

---

[2] Regardless of whether Pazos-Toledano was required to exhaust this issue, it would fail. Therefore, we do not examine the issue of exhaustion in this case.

"testimony, supported by the evidence he did present, should be taken as true in the absence of any rebuttal evidence establishing exits and time outside of the United States."

The BIA acknowledged this position but concluded that the fact findings that the IJ made undercut the persuasive value of Pazos-Toledano's testimony. The BIA's analysis is consistent with the Supreme Court's recent decision in *Garland v. Ming Dai*, 141 S. Ct. 1669 (2021). The Court held that the BIA does not have to make an explicit finding that the statutory presumption of credibility has been rebutted. *Id.* at 1679. "So long as the BIA's reasons for rejecting an alien's credibility are reasonably discernible, the agency must be understood as having rebutted the presumption of credibility." *Id.* Here, the BIA reviewed the contradictions in the record, and that review adequately supports the presumption that Pazos-Toledano's credibility was rebutted by other record evidence. No error occurred.

We close by remarking on the fact that Pazos-Toledano's briefing refers in several places to the BIA's denial of the motion to remand. Such briefing does not create an issue for our review on the validity of the BIA's refusal to remand.

The petition for review is DENIED as to the BIA's decision, and it is DISMISSED as to the two unexhausted arguments.