# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2021

Lyle W. Cayce
Clerk

No. 20-60034
Summary Calendar

Rosa Maria Huerta-Cortes,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200-958-661

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Rosa Maria Huerta-Cortes, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) denying her motion to reopen. She argues that the BIA legally erred by applying a heightened legal standard in considering whether to reopen her removal

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60034

proceedings, and it erroneously required an updated application for cancellation of removal.

We review our subject matter jurisdiction de novo. *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 660 (5th Cir. 2003). Because Huerta-Cortes sought to reopen her cancellation-of-removal proceedings under 8 U.S.C. § 1229b, her petition for review implicates the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B). *See Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004); *Assaad v. Ashcroft*, 378 F.3d 471, 474-75 (5th Cir. 2004) (applying jurisdictional bar to motions to reopen where review of the underlying order is jurisdictionally barred). Section 1252(a)(2)(B)'s jurisdictional bar applies to decisions that involve the exercise of discretion, including the "exceptional and extremely unusual hardship" determination of § 1229b(b)(1)(D). *Rueda*, 380 F.3d at 831. Therefore, to the extent that Huerta-Cortes requests review of the BIA's discretionary decision not to reopen her removal proceedings based on new evidence of the alleged hardship her parents would face, we lack jurisdiction to consider her petition for review. *See* § 1252(a)(2)(B)(i); *Rueda*, 380 F.3d at 831; *Assaad*, 378 F.3d at 474.

Even if Huerta-Cortes's arguments can be construed as purely legal under § 1252(a)(2)(D), we lack jurisdiction to consider an issue when a petitioner has failed to exhaust administrative remedies by raising the issue in the first instance before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). "[W]here the BIA's decision itself results in a new issue and the BIA has an available and adequate means for addressing that issue, a party must first bring it to the BIA's attention through a motion for reconsideration." *Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009). Huerta-Cortes's arguments contest the BIA's "act of decisionmaking," but she did not file a motion for reconsideration of the BIA's decision. *Id.* Therefore, she failed to exhaust her issues, and we lack jurisdiction to

No. 20-60034

consider the petition for review.  *See* § 1252(d)(1); *Omari*, 562 F.3d at 320-21; *see also Sattani v. Holder*, 749 F.3d 368, 372-73, 373 n.6 (5th Cir. 2014) (relying on both § 1252(a)(2)(B) and failure to exhaust).

Huerta-Cortes's petition for review is DISMISSED for lack of jurisdiction.